IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KUDAKWASHE BHEJANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-2009-RP |
| | § | |
| LAWRENCE WARD, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

On February 9, 2026, Plaintiff Kudakwashe Bhejana's ("Plaintiff"), who is proceeding *pro se*, filed an Expedited Motion to Disqualify Defense Counsel Based on Non-Waivable Conflicts of Interest Arising From Joint Representation. (Dkt. 16). Defendants Lawrence Ward, Emerald Nguyen, Will Rader, Christian Morano, Political Media, Inc., Market Rithm, Inc., Constitutional Rights PAC, and Trump Victory PAC (together, "Defendants") responded to Plaintiff's motion. (Dkt. 21). Having considered the briefs, the record, and the relevant law, the Court will deny Plaintiff's motion.

## I. LEGAL STANDARDS

"Disqualification cases are guided by state and national ethical standards adopted by the Fifth Circuit." *Centerboard Sec., LLC v. Benefuel, Inc.*, No. 3:15-CV-2611-G, 2016 WL 3126238, at *1 (N.D. Tex. June 3, 2016) (citing *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992), *cert. denied*, 507 U.S. 912 (1993)). "In the Fifth Circuit, one of the sources for the standards of the profession is the canon of ethics developed by the American Bar Association." *Id.* (citing *In re Dresser Industries, Inc.*, 972 F.2d 540, 543 (5th Cir. 1992)). "Additionally, courts are to consider the Texas Disciplinary Rules of Professional Conduct because they govern attorneys practicing in Texas

generally." *Id.* (citing *Federal Deposit Insurance Corporation v. United States Fire Insurance Company*, 50 F.3d 1304, 1312 (5th Cir. 1995)).

"The court must give careful consideration to motions to disqualify because of the potential for abuse." *Id.* (citing *Galderma Laboratories, L.P. v. Actavis Mid Atlantic LLC*, 927 F. Supp. 2d 390, 394-95 (N.D. Tex. 2013)). "A disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of [its] choosing." *Federal Deposit Insurance Corporation v. United States Fire Insurance Company*, 50 F.3d 1304, 1316 (5th Cir. 1995).

## II. DISCUSSION

Plaintiff asks the Court to disqualify "defense counsel currently purporting to represent multiple defendants whose interests, as pleaded in the Complaint, are materially and predictably adverse." (Mot., Dkt. 16, at 2). Plaintiff essentially claims that because his Complaint makes allegations against multiple defendants for overlapping conduct, those defendants must inherently have conflicts of interest with each other, making it that their defense counsel cannot represent them all. (Resp., Dkt. 21, at 1). However, Plaintiff does not cite to any case law nor valid, relevant ethical standard to support this theory. Further, none of the Defendants have raised complaints about joint representation nor affirmatively taken a position adverse to any other Defendant. (*Id.* at 1–2).

"As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former [or current] client moves for disqualification." *In re Yarn Processing Pat. Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976). Indeed, "[t]o evaluate motions to disqualify, courts rely on the 'substantial relationship' test, which requires proof of two elements for a movant to have standing to seek disqualification: (1) 'an actual attorney-client relationship between' the movant and the attorney the movant seeks to disqualify; and (2) 'a substantial relationship between the subject matter of the

former and present representations.'" *Landmark Am. Ins. Co. v. Gargoyle Mgmt. Inc.*, No. 5:24-CV-038-H-BV, 2024 WL 5424896, at *2 (N.D. Tex. Nov. 19, 2024).

Here, Plaintiff is neither a former nor current client of defense counsel. (Resp., Dkt. 21, at 2). And, Plaintiff's representations do not fit the narrow exception to the requirement for a substantial relationship—that the ethical violation is "open and obvious." *In re Yarn Processing*, 530 F.2d at 88. Therefore, Plaintiff lacks standing to assert these purported conflicts of interest that belong to Defendants. *Landmark Am. Ins. Co.*, 2024 WL 5424896 at *4.

Plaintiff's motion also lacks merit given that a movant seeking disqualification must prove an actual conflict—not a hypothetical one. *See FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995); *Britt v. Smith*, No. 6:21-CV-00384-JCB, 2022 WL 21737790, at *3 (E.D. Tex. Feb. 17, 2022) (denying pro se plaintiff's motion to disqualify based on "possibility that conflicts of interest will arise"). Finally, Defendants represent that they have provided informed written consent to joint representation per the ethical standards of Texas Disciplinary Rule of Professional Conduct 1.06 and its federal analogue, ABA Model Rule of Professional Conduct 1.7. (Resp., Dkt. 21, at 3). "Each Defendant received a full explanation of the potential risks and benefits of joint representation, and each Defendant provided a knowing, voluntary, and informed written conflict waiver. Not a single Defendant has objected to joint representation, sought separate counsel, or expressed any concern about the arrangement." (*Id.* at 4).

### III. CONCLUSION

Because Plaintiff does not have standing to bring his motion, which separately lacks merit and is borderline frivolous, the Court must deny it. *See Olmstead v. Hoppe*, No. 5:19-CV-203-H-BR, 2020 WL 1482324, at *2 (N.D. Tex. Mar. 27, 2020) (denying pro se plaintiff's motion to disqualify defense counsel as frivolous and meritless); *Grant v. Nationwide Mut. Ins. Co.*, No. 1:24-CV-00247-

DAE, 2024 WL 5494448, at *2 (W.D. Tex. Nov. 20, 2024) (denying pro se plaintiff's motion to disqualify defense counsel as frivolous).

Accordingly, **IT IS ORDERED** that Plaintiff's Motion, (Dkt. 16), is **DENIED**.

**SIGNED** on March 6, 2026.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4